Michael A. Greenlick - OSB #852181
1001 SW 5th Ave., Suite 1414
Portland, OR 97204
(503) 224-2595

Co-Counsel for Defendant Chadwick Amsden

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    vs.<br><br>CHADWICK AMSDEN,<br><br>    Defendant. | Case No. CR 10-195-02 JO<br><br>RESPONSE TO GOVERNMENT'S<br>SENTENCING MEMORANDUM<br>REGARDING CHADWICK AMSDEN |

    The defendant, by and through co-counsel Michael A. Greenlick, respectfully responds to the government's sentencing memorandum as follows.

    The government asserts that "the parties agreed that the Presentence Report (PSR) accurately reflects the events that are the basis for the charge defendant plead guilty to..." Although Mr. Amsden certainly agrees that there are more than sufficient facts to support his guilty plea, there are several factual assertions we objected to and/or requested correction of, by way of our October 4, 2011 letter to Adam Jacobson (attached to the final presentence report). We expanded on these factual issues in our October 12, 2011 letter to the Court.

    On page 3 of the government's memorandum, they assert that the seller and buyer essentially did not know or have control over the terms of the sale. This is not an accurate or fair reflection of the facts. Except for in one instance (where a buyer asserted he did not understand

Page 1- RESPONSE TO GOVERNMENT'S SENTENCING MEMORANDUM REGARDING CHADWICK AMSDEN

the nature of the deal), the buyer and seller clearly understood and negotiated the terms of each sale. They also understood how much cash back would be provided. The government further alleges that the defendants had "others falsely pose as an employer for their borrowers". A witness did report that Joel Rosabal had someone pose as an employer. Mr. Amsden had no knowledge of Mr. Rosabal's actions, and there is nothing in the discovery to indicate he was aware this took place.

On page 4, the government asserts that the defendants encouraged "others to lie (to) investigators about kickbacks given to borrowers". Mr. Amsden did not take such action. Two witnesses reported that Joel Rosabal told these witnesses to lie to investigators. Mr. Amsden did not know about this until he read about it in the investigative reports.

On page 13, the government asserts that Mr. Rosabal and Mr. Amsden "made millions of dollars in commissions during their run". This is a gross exaggeration. First of all, as discussed in our sentencing submission, the vast majority of the loans that they brokered were entirely legitimate. Mr. Amsden estimates that he was directly involved in approximately 200 loan files. Fewer than 25 of these involved fraud. Furthermore, Mr. Amsden made nowhere close to "millions of dollars" from his activity at Lighthouse. There were upwards of 12 persons subcontracting with Mr. Amsden and Mr. Rosabal at any one time at Lighthouse, and the defendants made a very small percentage of the fee these subcontractors collected for the loans they closed. Mr. Amsden estimates that he personally made approximately $320,000.00 during his years at Lighthouse.

The government asserts several times that there is no credible reason why Mr. Amsden should be treated differently than Mr. Rosabal. They claim that Mr. Rosabal was not a licensed

/ / /

Page 2- RESPONSE TO GOVERNMENT'S SENTENCING MEMORANDUM REGARDING CHADWICK AMSDEN

real estate broker, while Mr. Amsden was licensed. We believe that Mr. Rosabal was a licensed loan officer during his employment at Fieldstone Mortgage prior to working at Lighthouse.

We rely upon the arguments we made in our prior submission as to why Mr. Amsden should be sentenced to 27 months imprisonment.

DATED this 17th day of October, 2011

        /s/ Michael A. Greenlick
Michael A. Greenlick
Co-Counsel for Defendant Chadwick Amsden